IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TENA TAYLOR
5206 Bamburg Ct.
Frederick, Maryland 21701

    Plaintiff,

v.

ST. AGNES HEALTHCARE, INC.
900 Caton Avenue
Baltimore, Maryland 21229

    Defendant.

CASE NO.:

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND REQUEST FOR JURY TRIAL

### INTRODUCTION

This is an action for damages against St. Agnes Healthcare, Inc. for acts of racial and color discrimination in denying Plaintiff a promotion opportunity, and retaliation against Plaintiff when she lodged complaints about the discriminatory denial of promotion.

Plaintiff seeks declaratory and monetary relief, costs and attorney's fees pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq.; the Civil Rights Act of 1866, 42 U.S.C. §§1981, 1983,and 1985; and the Fifth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION and VENUE

1. Jurisdiction over this matter is vested in the Court pursuant to 28 U.S.C. §1331, as Plaintiff asserts a violation of federal law.

2. Plaintiff seeks damages in excess of $30,000, and prays a jury trial.

3. Venue is appropriate under S28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff, Tena Taylor is a citizen of the United States and resident of Frederick, Maryland. She became a Registered Nurse in 1991 upon receiving her Associate of Arts in Nursing from Montgomery College in Takoma Park, Maryland. She went on to earn a Bachelor of Science in Nursing in 2014 and a Master of Science in Nursing in 2016, both from Notre Dame of Maryland University-Baltimore. She became Board Certified in Medical/Surgical Nursing in 2018, and has been an Adjunct faculty member at the University Of Maryland School Of Nursing since 2017, primarily as a Clinical Instructor in the area of Medical/Surgery Nursing.

5. Defendant St. Agnes Healthcare, Inc. (hereinafter "St Agnes") is a healthcare facility, organized under the corporate laws of Maryland, and located in Baltimore City, Maryland. It is bound by all laws, rules and regulations of the State of Maryland regarding healthcare facilities. At all times relevant to this Complaint, Defendant St. Agnes was the principal and employer of the hereinafter named nurses and staff of its healthcare facility, and employed in excess of fifteen (15) employees.

## STATEMENT OF FACTS

6. On July 6, 2017 Plaintiff became employed as a Clinical Unit Coordinator on the 4100 Unit at St. Agnes, and performed at a competent level, being evaluated as "fully meets expectations".

7. That in June, 2019 Plaintiff accepted an offer to become Interim Manager on the 4500 Unit, as the Manager of that Unit, Tracey Bennett, was leaving. However Plaintiff wanted to be transferred to Unit 4500 to work with Bennett so as to get orientation with that Manager for about a two week period before she actually left. That request was not accommodated, so Plaintiff voluntarily came in to work with Ms. Bennett during Plaintiff's days off.

8. Shortly after assuming the position of Interim Manager of Unit 4500 Plaintiff submitted her application for the permanent Manager position of Unit 4500 on June 15, 2019.

9. That upon assuming the Interim Manager position it was necessary for Plaintiff to interact with various personnel regarding operation of the Unit. She needed to communicate with Carlene Frew, Director of that Unit, as to how certain things were done on the Unit, including use of the "Kronnos" staffing system. However Ms. Frew would not respond to her requests for meetings and consultations. Plaintiff was assigned a mentor, Erin Bossum, to assist her with any questions or information she needed regarding the implementation of her functions, but Ms. Bossum was generally inaccessible. Plaintiff began to feel unsupported in her efforts.

On about August 15, 2019 Plaintiff had a severe shortage of nurses on her unit, and made a request on the communication system for temporary transfer of a nurse from

another unit. The unit under Autumn Wilkins was able to meet her request, but Ms. Wilkins stated; "I do not want any nurse to go to her". Plaintiff was left with a shortage for the entire shift.

On the morning of August 27, 2019 Plaintiff attended a Safety Huddle meeting and attempted to sit next to Ellen Lagos-Williams, the Manager of Unit 4100, from which she had transferred. Ms. Lagos-Williams stated that she did not want Plaintiff to sit next to her. Plaintiff presumed that Ms. Lagos-Williams would make such a statement in only a joking manner and proceeded on to sit next to her, and Ms. Lagos-Williams again stated that she did not wish Plaintiff to sit next to her; this time in a loud voice. Plaintiff was embarrassed and humiliated in the presence of her colleagues.

10. That Plaintiff later during the day of August 27, 2019 went to the office of Sharon Barry, Director of Nursing and complained that the actions as set forth in paragraph nine (9) above, was unfair and racially discriminatory, as all of the afore-named individuals were white females. She further complained that the non-cooperation and hostilities were motivated by a desire to frustrate her application and effort to become Manager of Unit 4500.

11. That later that day, after the meeting and complaint to Sharon Barry, Plaintiff was confronted by Sue Mathers. Ms. Mathers chastised Plaintiff for having taken her complaints to Ms. Barry, and said that Plaintiff should have resolved her issues with the staff members of whom she complained.

12. Thereafter Plaintiff was more alienated from her white colleagues. When Plaintiff met with Sue Mathers, Ms. Mathers was not engaging. Carlene Frew also chastised Plaintiff for complaining to Ms. Barry.

13. Plaintiff proceeded to Stage 2 of her interview for the Manager position on November 15, 2019, and on December 11, 2019 she was informed by Sue Mathers that she was not selected for that position.

14. Plaintiff responded that she was of the impression that her non-selection was because of her color and race, and in retaliation for having filed complaints of discrimination.

15. That Plaintiff continued in the Interim Manager position, and began exploring other positions within St. Agnes.

16. That on January 2, 2020 Plaintiff filed a Complaint of Racial Discrimination and Retaliation with the EEOC, Complaint Number 531-2020-00913.

17. That on January 7, 2020 Plaintiff was summoned to the office of Sue Mathers and Katie Hamsberger, a St. Agnes Human Relations representative. Plaintiff was informed that she could no longer occupy the position of Interim Manager and that she should clear out of that office. Plaintiff requested that she be given a two (2) week leave of absence without pay, and proceeded to clear her office.

18. That on January 8, 2020 Plaintiff received an email from Ms. Hamsberger informing her that she had been offered the opportunity to return to her Clinical Unit Coordinator position on the 4100 Unit, and had declined that offer, and that her last day of employment would be January 10, 2020.

19. That Plaintiff immediately responded to that email and denied that she had refused to return to the Clinical Unit Coordinator position. She further explained that there was no discussion of her resigning as any resignation would be pursuant to a two

(2) week notice; and that she had left the meeting with the understanding that she was now on leave for two (2) weeks without pay.

20. That Plaintiff resumed her position as Clinical Unit Coordinator on January 18, 2020, and continued to function in that capacity.

21. That on a day in March, 2020 Plaintiff was requested to take on an additional patient in her unit, and declined to do so for safety purposes. As the Unit Coordinator it was within her purview to decline the proposed patient addition if such would jeopardize the safety of the other existing patients.

22. That Plaintiff was "written up" for declining the additional patient, while other white unit managers who declined additional patients were not written up.

COUNT I: EMPLOYMENT DISCRIMINATION (RACE AND CIOLOR)

23. Plaintiff reasserts each and every allegation of paragraphs one (1) through twenty-two (22) above, and asserts further:

24. That Plaintiff was qualified for the Manager position for which she applied.

25. That the person selected for that position was a white female who was less qualified for the position than Plaintiff.

26. That the non-selection of Plaintiff for the Manager position was an act of intentional discrimination against Plaintiff because of her race and color.

27. That as a result of the intentional discriminatory non-hiring, Plaintiff suffered a loss of income, employment related benefits, emotional distress, and injury to reputation.

28. That Defendant's action of employment discrimination against Plaintiff was in violation of aforesaid federal laws and Constitutional provisions.

## COUNT II: RETALIATION

29. Plaintiff reasserts and incorporates each and every allegation of paragraphs one (1) through twenty-eight (28) above, and alleges further:

30. That Defendant's acts as set forth in Paragraphs 9, 11, 12, 17, 18, 21, and 22 above were in reprisal and retaliation for her initiating complaints of racial discrimination in the terms and conditions of employment, and were in violation of the aforesaid federal laws and provisions of the United States Constitution.

31. That as a result of Defendant's retaliatory acts Plaintiff suffered damages as set forth in paragraph twenty-seven (27) above.

WHEREFORE, Plaintiff requests that this court to grant the following relief:

A. Award actual, compensatory, and punitive damages in excess of $75,000.

B. Order that Defendants cease and desist such unlawful practices.

C. Award costs and reasonable counsel fees.

D. Award such other and further relief as is just and proper.

_____
DANIEL Q. MAHONE
CPF: 8606010243
129-7 W. Patrick Street
Frederick, Maryland 21701
Phone: (301) 846-4252
Facsimile: (301) 846-0692
E-mail: mahonelaw@msn.com

Counsel for Plaintiff

## REQUEST FOR JURY TRIAL

Plaintiff, by and through undersigned counsel, requests a trial by jury on all issues so triable.

_/s/ Daniel Q. Mahone_
DANIEL Q. MAHONE